IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN BARNETT, III,

    Petitioner,

v.   No. 1:15-cv-01244-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

INTRODUCTION AND BACKGROUND

Before the Court is the *pro se* motion of Petitioner, John Barnett, III,[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). (Docket Entry ("D.E.") 1.[2]) In March 2014, Barnett was charged in a five-count indictment alleging that he possessed and distributed crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 4, and 5), possessed and distributed less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possessed a firearm after a prior felony conviction in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e) (Count 3). (Case No. 1:14-cr-10021-JDB-1, D.E. 2 at PageID 4-6.) The charges arose

---

[1]In its discussion of the underlying criminal matter, the Court will refer to Barnett as the "Defendant."

[2]All record citations are to documents filed in Case Number 1:15-cv-01244-JDB-egb, unless otherwise noted.

from Barnett's sales of marijuana, crack cocaine, and a firearm to a confidential informant in 2012. (*See* Revised Presentence Report ("Revised PSR" or "Rev. PSR") at 4-5.)

The Court appointed the Federal Public Defender's Office to represent the Defendant. (Case No. 1:14-cr-10021-JDB-1, D.E. 8.) Attorney Daniel J. Taylor was later substituted as his counsel. (*Id.*, D.E. 23.)

Without the benefit of an agreement with the Government, the Defendant pleaded guilty in November 2014 to all counts of the indictment. (*Id.*, D.E. 40.) The Court accepted the plea. (*Id.*, D.E. 41.)

In January 2015, the United States Probation Office submitted a presentence report to the parties. After the Government objected that Barnett should be classified as a career offender, (Case No. 1:14-cr-10021-JDB-1, D.E. 48), the Revised PSR was issued. The Revised PSR set forth the calculation of the Defendant's sentencing range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").[3] (Rev. PSR at 5-7.) It assigned a combined adjusted offense level of 26, which was increased to 32 under the career offender provision. *See* U.S.S.G. § 4B1.1(b)(3). The enhancement was based on Barnett's two Tennessee convictions for possession of marijuana with intent to distribute. A three-point reduction for acceptance of responsibility was applied. "Based on a total offense level of 29 and a criminal history category of VI, the guideline imprisonment range" was calculated to be 151 to 188 months. (Rev. PSR at 16.) Defense counsel did not object to the calculation.

---

[3]Except where noted, all references to the Guidelines are to those in effect on the date of Barnett's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (eff. Nov. 2014).

A sentencing hearing was held on April 3, 2015. (Case No. 1:14-cr-10021-JDB-1, D.E. 51.) The Court imposed a sentence of 132 months of incarceration on Counts 1, 4, and 5, to run concurrently, and sixty months on Count 2, to be served concurrently with 120 months on Count 3. The total sentence was a below-Guidelines sentence of 132 months. Supervised release for a period of three years was also ordered. (*Id.*)

In September 2015, the inmate filed the Petition, presenting the following claims:

Claim 1: Counsel rendered ineffective assistance by "fail[ing] to object to [the] PSR." (D.E. 1 at PageID 4.)

> Claim 1A: Counsel was ineffective by failing to object to the use of his 2007 drug offense to qualify him as a career offender because the case was adjudicated under a state diversion statute.

> Claim 1B: Counsel was ineffective by failing to object to the use of his 2007 and 2010 drug offenses based on the reasoning set forth in the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Claim 2: "In light of *Johnson v. United States*[,] [P]etitioner is not a career offender" under the Guidelines. (*Id.*)

The United States filed a response to the Petition (D.E. 9), to which Barnett replied (D.E. 11).

## LEGAL STANDARDS

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted.) A § 2255 claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards articulated in *Strickland v. Washington*, 466 U.S. 668

3

(1984). *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996). To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted.)

Prejudice is established where there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

DISCUSSION

Respondent argues that Petitioner is not entitled to relief because "[h]e has procedurally defaulted his challenge; his claims are non-cognizable; and the underlying claims are meritless."

(D.E. 9 at PageID 29.) In his reply, the inmate again insists that he is not a career offender, but he fails to address the United States' other arguments. Because the Court denies the claims on the merits, it declines to address the cognizability and procedural default issues.[4]

1. Claim 1A

The Guidelines advise an increase in a defendant's offense level if he qualifies as a career offender. *See* U.S.S.G. § 4B1.1(b).

> [A] defendant is a career offender if (1) [he] was at least eighteen years old at the time of the instant offense, (2) the instant offense is either a crime of violence or a controlled-substance offense, and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

*See United States v. Alexander*, 686 F. App'x 326, 327 (6th Cir. 2017) (per curiam) (quoting U.S.S.G. § 4B1.1(a)).

In Claim 1A, Petitioner argues that his 2007 drug offense does not count as a prior felony "conviction" under the career offender provision because he was adjudicated under a state diversion statute. He asserts that counsel therefore provided ineffective assistance by failing to object to the use of the conviction to enhance his offense level.[5] Because "there can be no constitutional deficiency in . . . counsel's failure to raise meritless issues," *Mapes v. Coyle,* 171

---

[4]In its non-merits arguments, the Respondent fails to distinguish between a claim that challenges a mistake in the application of the Guidelines and a claim that counsel was ineffective for failing to object to the alleged erroneous application. "The Supreme Court and [the Sixth Circuit] have held that challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in *Strickland* . . . ." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982)); *Grant,* 72 F.3d at 506; *Ratliff v. United States,* 999 F.2d 1023, 1026 (6th Cir. 1993)).

[5]The United States did not respond to this claim.

F.3d 408, 413 (6th Cir. 1999), the Court addresses the merits of the inmate's assertion that the 2007 offense was not a conviction for purposes of the career offender enhancement.

The inquiry into whether a defendant has two prior felony convictions for purposes of career offender status under § 4B1.1 is governed by the definitions set forth in § 4A1.2. *See* U.S.S.G. § 4B1.2, comment. (n.3) ("The provisions of § 4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions under § 4B1.1."). Under § 4A1.2, "[d]iversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution) is not counted" as a conviction. U.S.S.G. § 4A1.2(f). On the other hand, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted . . . even if a conviction is not formally entered, except that diversion from juvenile court is not counted." *Id.* "This rule 'reflects a policy that defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency.'" *United States v. Sexton*, ___ F.3d ___, 2018 WL 3293471, at *2 (6th Cir. July 5, 2018) (quoting U.S.S.G. § 4A1.2, comment. (n.9)).

Barnett's argument that his 2007 drug offense was not a "conviction" for purposes of the career offender provision is without merit. The Revised PSR shows that, on May 31, 2007, he received "2 years diversion probation" on a state charge for "possession of a controlled substance with intent." (Rev. PSR at 9.) The Revised PSR further notes, however, that, on May 27, 2010, "[d]iversion was terminated . . . and the defendant entered a guilty plea to Possession with Intent." (*Id.* at 10.) He received a sentence of two years in state custody, which was ordered to run concurrently with his 2010 drug offense. (*Id.* at 9, 11.) Because diversion in the 2007 case was

6

terminated and a guilty plea was entered, the initial diversionary probation is irrelevant. The 2007 drug offense was therefore properly considered a conviction under § 4B1.1(a).[6]

Given this determination, it follows that counsel's failure to object to use of the conviction to enhance Petitioner's offense level does not represent constitutionally deficient performance. Because any objection by counsel would have been futile, the inmate also cannot show that he was prejudiced by his lawyer's failure to object.

Claim 1A is DENIED.

2. Claim 1B

Petitioner argues that, based on the reasoning set forth in the Supreme Court's decision in *Johnson*, counsel rendered ineffective assistance by failing to object to the use of his 2007 and 2010 drug offenses as predicate convictions to increase his offense level. Because Barnett was sentenced several months before the ruling in *Johnson*, the Court construes the claim as asserting that his attorney was ineffective for failing to anticipate the decision.[7]

As will be discussed below with regard to Claim 2, *Johnson* does not impact Petitioner's career offender status. Therefore, because there is no merit to the underlying issue, Barnett cannot

---

[6]In his reply, Petitioner argues that Respondent "attempt[s] to split" his 2007 offense "into two (2) convictions for the sole purpose of making [him] a Career Offender[.]" (D.E. 11 at PageID 38.) This contention is unclear. To the extent the inmate means to suggest that the 2007 offense should not be counted separately from the 2010 offense, the assertion is without merit. Although the sentences were ordered to run concurrently, the offenses occurred on different dates, as did the arrests. (*See* Rev. PSR at 9, 11.)

[7]An attorney's "failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel." *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010).

show that counsel's performance was deficient or that he was prejudiced by his lawyer's failure to object.

Claim 1B is DENIED.

3. Claim 2

Petitioner challenges his sentence based on the ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. He argues that the decision renders unconstitutional his designation as a career offender. The Court disagrees.

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2555-56.

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 2554. Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.* at 2556-57.

The ruling in *Johnson* is irrelevant to Petitioner's designation as a career offender under the Guidelines. Even if *Johnson* called into question the Guidelines' definition of "crime of violence," Barnett's designation as a career offender was not based on any crimes of violence but, rather, on two controlled substance offenses. *See, e.g.*, *Smith v. United States*, Nos. 3:11-CR-115-TAV-HBG-1, 3:14-CV-339-TAV, 2017 WL 151065, at *6 (E.D. Tenn. Jan. 13, 2017) (holding *Johnson* irrelevant where enhancement was based on drug offenses). Moreover, on March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines' career offender provisions. *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). The Court explained that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* "[T]he Guidelines," therefore, "are not subject to a vagueness challenge under the Due Process Clause." *Id.*

Claim 2 is therefore DENIED.

For the reasons set forth herein, the Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds,

the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[8]

IT IS SO ORDERED this 19th day of July 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[8] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.